Mr. Hernandez, I'm going to try to reserve two minutes of my time for rebuttal and I'll try to keep track myself. My client, Carlos Hernandez, is serving 58 years to life in prison with no jury having ever considered and decided his main defense. That's all the defense has asked for and all the defense is asking for in this case is to have a jury consider and decide his defense. Have a jury consider and decide whether this was intentional rape or a tragic but honest and reasonable mistake. Before we get to that, can you address whether the notice of appeal was timely filed? Sure, Your Honor. If it wasn't, then no matter what your contentions are, we don't have jurisdiction. I'm afraid that's correct, but I'm also quite certain that the appeal should be found to be timely in the circumstances. First of all, the Nguyen case, which I know is just Judge Thomas himself actually authored, it's just not the controlling authority anymore because of the amendment to the statute. Nguyen specifically relied on the absence of a reference to Rule 77D, which has now been inserted into the statute, and the advisory committee notes demonstrate that they considered the three different approaches in the law, one of which was Nguyen, and they decided to take the one that required the strictest form of notice. Yeah, and I think we can all agree Nguyen is no longer the law, but the question is what is the law? You know, that's what advisory committees do. So then the question becomes whether a docket sheet... What is the law? What do you have to do? Is a docket sheet good enough? And I think there's three or four reasons, Your Honor, a docket sheet isn't good enough. First, a docket sheet isn't intended to serve the purpose of giving notice of entry of a specific thing. All a docket sheet is is a clerical record that may have hundreds or thousands of court events recorded in it. It's not notice of a single event, which is, I think, the fair reading of what Rule 77D requires. Second, a docket sheet often won't, in fact, serve the purpose of providing notice. Sometimes it gets sent, as it did in this case, in response to an inquiry about something completely different. You may recall my client sent a letter asking about the status of his motion for an extension of time to file his objections to the recommendation. It wasn't the... I looked at the docket sheet, and I may be off by one, but wasn't the... They were right next to each other. Yeah, right next to each other. He was looking to see what happened to the thing, and there was something after it. Maybe, maybe not, but the rule you create in this opinion will apply to a docket sheet where there's several pages or dozens of pages apart. Why? Well, because I think the issue presented here is whether or not... Well, certainly one of the issues presented here is whether a docket sheet can be the notice of entry. What if the issue is whether this docket sheet can be the notice of entry? Well, then I think you have to start getting into whether it actually gave notice to my client, and you have to start getting into whether he actually read it, and I think one fair... He admitted receiving it, but there's no indication in anything about when he read that particular entry. So... Is his reading important? Let's assume... Well... Let me just give you a wild hypothetical. Let's assume that they sent it out, and they yellow-bolded the judgment part of it. Would it then be sufficient? And he happened... Even if he didn't happen to read it. He didn't happen to read it. Or suppose they sent the actual judgment, and for some reason he throws it away and doesn't read it. I think that's an interesting question. Rule 77D actually refers to receiving notice. So the question becomes whether that means physically receiving or reading it. But I don't think you need to go there, Your Honor, and I think the fact that we're having this discussion illustrates why you should hold the docket sheet isn't enough. As you just get into too many debates, it may depend on the size of the docket sheet, how close the entries are, things like that. There's also textual reasons, though. We don't need to go into this policy-based analysis. If you read Rule 77D, there's at least a couple of textual reasons to suggest the notice can't be the docket itself. For one thing, you have to give notice of the entry. That suggests the notice is something different than the entry on the docket sheet. Second, you have to record the notice... You have to record service of the notice in the docket. That suggests the docket isn't the notice, or else you'd have this circular thing. And interestingly, for what it's worth, you have the final docket sheet in my excerpt, at the end of the excerpt, the way it's always required by the Court's rules. This never got recorded in the docket, this mailing of the docket to Mr. Hernandez. But that's a separate issue, isn't it? It is, but it's indicative, I think, of... So tell me what you think the rule requires. Just very simply, what does the rule require? I think the rule requires either... It requires a notice that says judgment has been entered. It could just be the judgment itself, or the order, or it could be some document saying notice of entry of judgment. You are hereby notified that judgment has been entered in your case. If a copy of the judgment is sent, is that enough? Yes, I believe, probably. Even though it doesn't give notice of entry? I think it does give notice of entry, but I think that's enough. I guess you can get into some semantics about whether that's the actual judgment as opposed to notice of the judgment, but I think that would be enough. Yes, I know this is... I know you want to get to the merits of your appeal. I have one more question. Do you know what the practices are throughout the circuit with respect to notice of entry of judgment under 7070? I don't know. I have a pretty good... I bet it's not just sending the docket. I bet it's sending... I don't know. That's why I'm asking. I'm not holding some information. I don't know. I can't believe it's just sending the docket, and I think it wasn't... The docket being sent here wasn't intended to be that, and I think if it had been, it would have been recorded in the docket the way it's supposed to be. But I'm obviously... I don't know the practice in general. So, again, you think electronic notice is not enough? Well, actually, I haven't thought that through carefully. I do know Rule 77D says that any service in a form that the person's consented to in writing, and I think most attorneys who are on electronic filing have probably... We've certainly consented to service that way, whether it's in writing. I guess we could argue back and forth about it. So long as there's consent on the record, then you think electronic notice is sufficient? I think so. All right. Why don't you get to the merits? Going back to the merits, Your Honor, as I started off saying, all the issue here is whether or not there should have been instruction for the jury to decide this question. The state court held there wasn't enough, but it was wrong for two reasons. First, it ignored the very liberal standards, the very low standard, which applies when all that's being requested is an instruction. I've given you a host of cases in my brief with language. You have to view the evidence in the light most favorable to the defendant. You have to consider the fact that the jury may disbelieve the unfavorable evidence and believe the favorable evidence. The evidence needs to be just, quote, more than a scintilla, unquote, and, quote, may be weak. What's the federal constitutional claim here? The federal constitutional claim is that if state law creates a defense, then there's a constitutional right to have that defense submitted to the jury if there's enough evidence to meet these standards I was just going through. Well, but that's my question. Are the standards that require the giving of the instruction state law standards or federal standards? No, those are federal standards, and that you get out of the Bradley case. The Bradley case articulates one of the standards, which I believe whether the evidence is sufficient for a rational jury to find, and all the other standards that I've just gone through are basically sort of tuning of that more general standard. So in your case, your client admittedly breaks into a house. No, he didn't. He actually said, no, that's important, Your Honor. That's a good example of the inference or evidence that would have had to be drawn in the defendant's favor because his statement to the police, which came into evidence, was that he didn't break in. How does he get in? That it was open and he walked in. He walks into a house that somebody else owns. Correct. Or renting, yes. Yeah, rents. He says to the victim, I'm on the loose, I'm a dangerous guy, and he makes some threats against her. If you take the evidence most favorable to the defense, I mean to the government. But let me step back. He's a stranger in somebody's house, and he says, I walked into the house and the woman consented to have sex with me. This is the defense argument, Your Honor. That's the defense argument, right? No, that's the government argument. But isn't the defense argument, I walked into a house where I wasn't expected. When I walked in, the woman consented to have sex with me. That's his argument, right? If I can play trial lawyer, I'll take one minute and present the defense argument, Your Honor. The defense argument is that Mr. Hernandez passionately wanted and desired to have a sexual relationship with the victim. He went to her house. He found the door was open. He walked in to talk with her about doing that. He wanted to make sure she would stay. She would let him stay so he could try to persuade her to have sex. So he told her, please help me. I killed a policeman. And she said, in fact, when he said that, okay, you can stay in the living room. Having gotten the opportunity to stay, he tried to talk her into having sex with him. He tried, in her own words, to persuade her. He then, she at first said no, but as men sometimes do, they don't always take no for an answer. They don't necessarily override someone's consent, but they try to change the person's mind. And Mr. Hernandez tried to change this person's mind. He thought he did, because after a while she said, let me give my daughter a bottle, and then you can do whatever you want with me. She gave the daughter a bottle. She came back. She lay on the bed. He started to have anal sex with her. And then when that didn't work, he turned her over on her back. And she then got down on the floor, in his mind, because she was willing to have sex with him. I could go on, Your Honor. But I'm going to outline the arguments in my brief. The thing that's so important to understand is you have to take all those arguments that a defense attorney could have made and think, is it possible a jury might not have agreed with those, but that that might have, because remember, the standard for the defense in state court is whether the defense could raise a reasonable doubt. Would that have maybe raised a reasonable doubt in the jurors' minds if a defense attorney had been permitted to raise those arguments and compare what the defense attorney ended up having to argue? And I know you've gone over time, but as I understood the argument below, it was that she had actually consented. In other words, his argument was not that she didn't consent, but I thought she did. His argument was she actually consented. I went in and said, let's have sex, and she said, sure. No, the argument that ended up getting made, Your Honor, was this technical argument about, yeah, I had forcible sodomy, and yes, I did attempted rape when I got in, but that's not what I meant to do when I entered, so it put me at the burglary charge. That's the argument she was reduced to because she didn't have the instruction. There was never an argument of actual consent made. She basically gave up when she didn't get the instruction. The argument she wanted to make and would have made... She being trial counsel. Yes, and would have made, hopefully in a fashion much better than me, having just a minute and being a little on the spot, she would have made is he honestly believed there was consent just the way he told the police, and that was at least arguably reasonable in light of the way other things she said and acted, and it's horrible that it turned out he was wrong, but anyway, I'm over my time. We will give you a couple minutes for your questions.  May it please the court. Deputy Attorney General Matt Mulford on behalf of the warden. I'd like to start with a jurisdictional question. It seems equally clear to us that there is no jurisdiction in this court, and the district court abuses discretion in my granting the motion to reopen the time to file a notice of appeal. I'm going to start with federal rule of appellate procedure 4, 6, and B. 4, 6, B, there's two ways to satisfy, or two things must be satisfied to accomplish 4, 6, B. The motion must be filed within 180 days after the judgment. That was met. It was filed on the 179th day. And it also needs to be filed within 14 days after the moving party receives notice under federal rule of civil procedure 77D of the entry, whichever is earlier. So if we turn to federal rule of procedure 77D, notice of entry of the judgment, it requires service of the entry as provided in rule 5B of rule of civil procedure by the clerk. So now there's a question of whether the clerk has provided service under 5B, and if you turn to 5B, service can be done in general in several ways, including federal rule 5B to C, mailing to the person's last known address. But I think we can get to the last point here. No one disputes that something was mailed to Mr. Hernandez's last known address. The question is what was mailed, notice of entry of judgment under 77D? It can't be anything other than that. Because if we look at the actual record that was sent, this is excerpts of record, page 217, regarding docket entry 14, judgment is entered in favor of respondent. That has to be noticed. It may not be guaranteeing that Mr. Hernandez had knowledge of entry. There's no way for the clerk or the opposing party to force Mr. Hernandez to read every entry. But we're only talking about notice. And the docket sheet provides notice of at least, the one that he admitted receiving, at least 14 different things, including notice of entry of judgment, notice of the separate entry of judgment, number 13 in the docket. And that's enough. And, in fact, by requiring anything else. When you say that the docket's enough, if you don't actually mail the notice that's contained in the docket, I mean, theoretically, if you just say, here's the docket sheet, and we didn't ever give you notice, but here's the docket sheet. I don't understand the question. I don't understand how you can not get notice if you have the docket that says there's notice. Yeah. I mean, most districts, not all, but most districts have a notice of separate entry of judgment that they mail to people. And that's the notice we're talking about. I don't know of any district, and I could be wrong, that this relies on the docket. Here's a copy of the docket, because it would be a notice of docket entry, not notice of separate entry. And that was done here in August, and there is no dispute that he didn't get that. Yeah. Now, the second question is, how do we reopen that? So I think the governor is prepared to concede that that separate entry, if mailed, was not received, either through the post office or through the clerk. I was asking sort of a different question. Let's say it was never mailed at all. I mean, I guess that's the same case. It doesn't matter, because we've conceded, Parson of the State has conceded he didn't get the initial one. Okay. Now, what do you do next? Next, you look at 4A6. I think that's a confusing number, but I think it's 4A6. What are the four things you need to satisfy there? Yeah, but what concerns me about your argument, and you may be right, is that should we say that it is sufficient to send the docket? In other words, can districts from now on after this case just send out the docket sheet? Well, Rob, look, I want to answer. I think there's two questions embedded in there. So initially, for providing the notice of the judgment at the beginning, I don't think that would be sufficient. Okay. Because you do need the separate judgment. But once that initial 30 days is missed to file a notice of appeal, then you'll look at what the clerk sent, what did the clerk provide, what did the party admit receiving, and what does it say? Well, see, my difficulty with that argument is that if this is sufficient now, because you admit the only question in this case is whether this is notice of entry of judgment. If it is sufficient notice of entry of judgment, then why can districts simply not go through the step Judge Thomas suggested and send out the docket in every case? I don't see why it's different because the first one failed in this case. This is either sufficient notice or it isn't sufficient notice. I believe it's the advisory committee knows to rule 77, say the clerk's job in sending this stuff regarding the judgment is advisory and it's a convenience. So the notice for the time limits for appellate jurisdiction really don't hinge on this stuff. Well, except in cases where the defendant doesn't get notice. So now that is a very small universe of cases. So we're not talking about what are they doing routinely in every case. We've already agreed that there was a problem there, and that is not going to occur in every case. But once there is a problem, now we have set rules for A6. So let me ask the question differently then. Let's assume that the first notice fails, as it did in this case. Mr. Hernandez calls up to a clerk and says, was judgment entered in my case? And the clerk says, yes, on such and such a date. Does that trigger the 180-day period in your view? The 180 days is the outside limit. Right, right. The oral notice would not trigger the 14-day period. Right. Because it is oral and there is not the notice required by Rule 77. So in order to trigger the 14-day period, we need 77-D notice. Correct. That's a change in the rule, and that's why it is no longer there. Right. So your position has to be that this docket sheet is sufficient 77-D notice in and of itself. Doesn't it? I don't think it has to, but it certainly is in this case. But then we're getting into a case-by-case inquiry about the adequacy of notice, which I think is probably a counterproductive exercise. If you have a byline rule saying notice of entry has to be notice of entry, not a notice, not a docket sheet, not anything else, then we have at least a rule one can deal with. Mr. Hernandez is trying to conflate the notions of did I know, did I have knowledge, was communication occurring with did the clerk give notice under 77? I don't buy the argument that Mr. Hernandez needed to know what he got. The question is whether this document facially satisfies 77-D. The words judgment is entered is on the document that he admitted receiving. It has to be. Anything else means nothing can do it. I can't figure out where the difference between is, yes, I have notice of the entry of judgment, but it really wasn't the right notice because it might have had too many things in it. Well, notice is just it's there. Notice may give you things that you don't want or don't need, but it's just you should be on alert. It's time to start reading. And it's here. So in your view, if the clerk had said, sent out to Mr. Hernandez, take a look at a letter that said take a look at item 14 on the enclosed docket, that would be sufficient? Sure. And now we've got a clerk doing legal work for the appellant. No, I understand. And that's part of the problem. And if the clerk had only sent out item, is it 14, 16, 18, I forget what it is, whatever item, just, you know, had whited out, cut and pasted, just sent that to him, would that be sufficient? Yes, it has to be. So there are factual questions. I don't want to belittle the problem here, but the district court is in the position to hold the hearing. And that's the second reason why it abuses discretion, because it ruled in Mr. Hernandez's favor without notifying the state, without confirming whether the initial document wasn't in fact received, without confirming prison records, whether he actually sent it on the 179th day or the 181st day. Now, in this case, we're not disputing any of that. But in another case, with inmates who are not necessarily known for their trustworthiness, that type of hearing might be important. Although didn't the district court hold hearings previously? This case went back and forth from us. So the district court had initially made some findings in its first ruling, and then the case came up to us and we sent it back and said. All without the participation of the state, Your Honor. I was drawing up a motion to dismiss while the two courts were talking to each other. Because we didn't get any notice of what the ruling was on this motion to reopen the time to file a notice of appeal. Did you check the docket? I'm sorry? Did you check the docket? I did, Your Honor, yes. Several times. Electronic service makes it much easier. Electronic service is now specifically covered in Rule 5. It would be good enough. I've used up my time on the jurisdictional question. I'll tell you what my concern is. If reasonable minds could differ, and I presume we have some reasonable minds here, and if the issue is so significant that it could impact a potentially valid issue of appeal, wouldn't you have kind of the rule of lenity saying, my goodness. Not when it comes to appellate jurisdiction. This is the difference between courts and legislatures. That appellate courts are controlled by the filing of a timely notice of appeal. That's what the Supreme Court says in Bowles and Brower. And this is the line you cannot cross respectfully. Yeah, it's if we've got to decide whether or not a docket sheet constitutes a notice that's contemplated on the rule. That's a question. Yes. Do you want to get to the merits briefly? We disagree about the controlling Supreme Court authority. It's Estelle versus McGuire. Estelle says that if there is an error of state law, certain things kick in. Here there is no error of state law. The state courts said that categorically. This is absolutely fine. The sense that the jury was somehow deprived of the opportunity to consider the defense is respectfully not true. The evidence that counsel listed omitted the fact that Mr. Hernandez used a two-foot metal bar. It omitted his confession to the police. It omitted his apology and the fact that he was crazing on beer and crystal. No reasonable juror could have believed that he honestly but did not, had an honest but mistaken belief in the victim's consent as a matter of state law. Because there was no error, there is no reason to get into any other federal constitutional questions. That's the end of the story. Thank you. I'll give you two minutes. Thank you, Your Honor. On the last thing, my closing argument that I did over here omitted those things because I only had a minute instead of 45 minutes. All those points are addressed in my brief. If you look at my brief, I address every single one of those pieces of evidence. Four margin points I made on the jurisdictional issue. Your Honor, Justice Thomas asked, we're going to deal with this on a case-by-case basis. One thing that's very interesting, if you look at page four of my reply brief, I quote or cite to part of the advisory committee note, one of the purposes in requiring Rule 77D notice was to eliminate more difficult factual questions of notice. So I think you should keep that in mind in construing it. Judge Hurwitz, I thank you. When you're asked your question, are we saying it's sufficient to mail a docket, you highlight the point I was trying to make earlier that you're going to be creating a general rule here that will apply equally to dockets that are 50 or 60 or 100 pages long with entries separated by multiple pages as opposed to just by one entry. The language used in a couple places wasn't quite the language of the rule. They talked about the rule requiring service of entry. It doesn't require that. It requires service of notice of entry, suggesting the notice is different than the entry. Could the clerk just send a letter to your client that says, I'm notifying you the judgment was entered on this day? Probably. You don't have that question before you. I mean, maybe it might depend on whether it's clear what judgment the clerk's referring to and whether the judgment's good or bad, because if it's a judgment in your favor, then you wouldn't appeal. But probably that's enough, I think. So why is that less notice or more notice than the notice your client got? It is a notice of the entry. Doesn't the docket entry say judgment was entered on this day? Yeah, but it's not a notice of the entry. It's the entry itself along with a whole bunch of other entries within which it's buried, and it's not the thing that's recorded on the docket, which is what the service has to be. So I think that textually, you really have to be twisting to read it to include the docket sheet. The other thing the attorney general argued was – Let me ask you this. Oh, I'm sorry. If we take this circumstance of this case, I guess your theory is he could appeal today, because he still hasn't gotten – No, actually Rule 4A-6 or 4 – It's outside the 180 days. Yeah, the 180 days is always there as a backup. And the attorney general has a remedy. The party can send notice. The attorney general, if it wanted to get that time for appeal running right away, he could have sat down and said, Dear Mr. Hernandez, here's a copy of the judgment. Would that satisfy Rule 76? Yes. Which says the clerk shall provide – No, actually it says that a party can do it, Your Honor. So, you know, there's two safety valves, if I can call them that, for the state here. One is it can serve the notice itself, and two is there's always a 180-day limit. It's not like there's no finality at all. And on the other side, you have a person losing his right to appeal, a pro se, in this case, defendant, of course. Okay. Thank you, Your Honor. Very good. Interesting issue. And thank you for your arguments. The case will be submitted for decision.
judges: Beistline, Thomas, Hurwitz